IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-124-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUINCY LEVON SIDBURY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reduce sentence (DE 74). In his motion, defendant seeks a reduction in his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines.

The court's authority to modify a sentence is extremely narrow. There are only three circumstances in which modification is allowed: (1) upon motion of the Director of the Bureau of Prisons; (2) as permitted by statute or Federal Rule of Criminal Procedure 35; and (3) where the relevant sentencing guidelines have changed since sentence was imposed. See 18 U.S.C. § 3582(c)(1)(A), (1)(B), and (2). Defendant is not entitled to a sentence reduction pursuant to Amendment 782 because his original sentencing guideline range was based on his status as a career offender rather than drug quantity. See U.S.S.G. § 1B1.10(b)(1) (stating that in applying a retroactive guideline amendment, the court must "leave all other guideline application decisions unaffected"). Consequently, defendant's motion to reduce sentence (DE 74) is DENIED.

SO ORDERED, this the 9th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge